ESTATE OF BUTTS: BUTTS, Appellant, vs. BUTTS, Administrator, Respondent.

*June 3—September 15, 1936.*

427

*Edward L. Kelley* and *Frank R. Bentley,* both of Madison, for the appellant.

For the respondent there was a brief by *Hooker & Wagner* of Waupun, and oral argument by *Edward W. Hooker.*

The following opinion was filed June 22, 1936:

Rosenberry, C. J. No question is raised nor can be raised on the record as to the jurisdiction of the county court of Dodge county over the person of the petitioner in the proceedings had in the matter of the estate of Luther Butts, deceased, in that court. In every instance she appeared by attorney or in person with her attorney. The sole question for consideration and determination therefore is whether or not the county court of Dodge county had jurisdiction of the sub-

ject matter of the controversy. The proceedings were governed by the provisions of the statutes of 1927, which have since been repealed.

Sec. 318.10 provides: "(1) When the county court shall make an order or judgment assigning the residue of any estate to two or more persons entitled to the same, it shall not be necessary to make partition or distribution of such estate, unless the parties to whom the assignment shall be made, or some of them, shall request it; but when requested by any party in interest prior to the making and entry of a final judgment or decree in said estate, partition and distribution may be made by three disinterested persons to be appointed by the county court for that purpose. . . .

"(2) Such partition and distribution, when made and completed as hereinafter provided, may be incorporated in and made a part of the final judgment or decree to be entered in said estate, if the court shall so direct."

Sec. 318.16 provides: "When any tract of land or tenement shall be of greater value than either party's share in the estate to be divided and cannot be divided without injury to the same it may be set off by the commissioners to either of the parties who will accept it, giving preference as prescribed in section 318.19. But the party so accepting it shall pay or secure to one or more of the others such sums as the commissioners shall award to make the partition equal, and the commissioners shall make their award accordingly. Such partition shall not be established by the court until the sums so awarded shall be paid to the parties entitled thereto or secured to their satisfaction."

Sec. 318.18 provides: "The commissioners shall make report of their proceedings to the county court in writing; and the court may, for sufficient cause, set aside such report and appoint other commissioners or direct the same commissioners to make another partition. The report, when finally accepted and established, shall be recorded in the records of the county court and a copy thereof, attested by the judge of the county court under the seal of the court, shall be recorded in the office of the register of deeds of the county wherein the lands lie."

Sec. 318.19 provides that the partition and distribution made be made by the county court—

"and the true value of the estate shall be ascertained by commissioners appointed by the county court and sworn for that purpose;"

such commissioners to be appointed upon like notice to all parties interested as is provided for the appointment of commissioners to make partition in secs. 318.12 and 318.14.

Sec. 318.20 provides: "The partition, when finally confirmed and established, shall be conclusive on all the heirs and devisees and all persons claiming under them and upon all persons interested."

It is the contention of the petitioner here that in the proceedings taken in the county court of Dodge county, which terminated upon the order of January 11, 1928, the court proceeded partly under secs. 318.10 to 318.18 and partly under sec. 318.19, and therefore was without jurisdiction to proceed. It is apparent that had the trial court withheld the entry of the final judgment or decree and incorporated the partition and distribution made by the commissioners in that decree, the court would have proceeded strictly according to statute. The county court, instead of following the procedure indicated, approved the final account and entered judgment—

"that all of the above-described real estate be and the same is hereby assigned in common and undivided, as follows, to wit: To La Verne Butts, a one-third part thereof; to Louis J. Butts, a two-thirds part thereof."

This judgment was dated November 25, 1927. At that time the partition and distribution proceedings were pending; the commissioners having been appointed by order of the court, dated November 25, 1927. It is apparent that what the judgment entered on November 27th did was to approve the account of the executor. It made no attempt to make

disposition of the partition and distribution matter, but purported to assign the estate as if no such application were pending. When the report of the commissioners came in, the court entered another judgment, in the language of sec. 318.18, confirming and establishing the report. It is apparent that under the provisions of these sections the court might do one of two things,—withhold the entry of the final judgment or decree and incorporate the partition and distribution in that final judgment, or the court might in accordance with the provisions of sec. 318.18 accept and establish the report of the commissioners. When the report of the commissioners was accepted and established, or in the language of sec. 318.20 confirmed and established, the proceedings were conclusive upon all parties. The court did not attempt to proceed under sec. 318.19. That section provides for partition by the court, not the commissioners. While commissioners are provided for under sec. 318.19, their sole function under that section is to appraise the property. The court makes a partition based on the appraisal. In this case the court merely confirmed and established the partition made by the commissioners.

The court having jurisdiction of the person and subject matter of the controversy, the judgment is not open to attack on other grounds in this proceeding, and the county court correctly denied the petition.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.